Chief Justice Robertson
delivered the Opinion of'the Court.
Humphrey Simmons, as only heir of Griffin Simmons, deceased, filed a bill in chancery against Benjamin Stans-berry, for partition of a tract of land, which Griffin Simmons had owned, containing two hundred and seventy four acres, and one hundred and eighty four acres of which he had, in 1803, agreed to exchange with Stans-berry, for a tract of a hundred’ acres, as shewn by the following-article of agreement:—
“Articles of agreement made and concluded upon, this 15th day of Febnary, 1803, between Benjamin
Answer,cross
'Decree.
Whenever a defends resists the rightful claim of the comp’t, he must pay costs.
A defendant rc-sisting the suit of the heir, for the suiplus of tímt the°deferjd-ant held under the ancestor’s agreement for the conveyance of a spec-'fic quantity, “ with his father’s security in a yootf warranty deed,”— makes his answei . cross bill for a specific execution, or for a rescission. The decree should require the heir to make a deed, with approved security, for the title, or, on.his failure to do so, rescind the contract.
Stansberry,"of the one part, and Griffin Simmons, of the other part— B. Stansberry for his part, cloth agree to give said Simmons a general warranty deed for one hundred acres of lancbthat joins Samuel Simmons’ land ; for which said Griffin Simmons doth agree to give said B. Stansberry one hundred and eighty four acres of land, where he now lives, with the improve-emnts as it now is — with his father’s security, in a general warranty deed.”
B. Stansberry, [Seal.j
Griffin Simmons, [Seal.]
Stansberry insisted that he was entitled to the whole-tract designated as one hundred and eighty four acres, although the quantity of that tract is ascertained to he two hundred and seventy four acres; but, making his answer a cross bill, prayed, in substance and effect, that in die event of a decree for partition, there should also be a decree for a specific execution, by a conveyance of the legal title for the one hundred and eighty four, acres, which should be allotted, to him ; or for a rescission of the contract. -
The circuit court made the partition, as sought by the bill, and decreed costs against Stansberry, but made ho farther decree as to the title; and this writ of error is brought to reverse that decree.
There does not appear to be any sufficient ground for objecting to the partition. The agreement should nok be interpreted as an obligation by Griffin Simmons for more than one hundred and eighty four acres; and there is no objection to the mode of partition as made and confirmed by the decree. And certainly, as Stansberry % resisted a decree for partition, it was proper to decree costs against him. ,
But the circuit court erred in not decreeing some re-¡¡cf on the cross bill. ■
. , ... , , „ , S ansberry, in that cross bill, asks only lor a deed, wi^‘ security; to that he is'entitled to the extent of the *415 tine hundred and eighty four acres allotted to him. When a defendant files a cross bill against the complainant onii/, an appeal or writ of error to reverse the decree on the original hill, brings up the cross bill, and the merits of the whole case as it stood in the circuit court — (Stevenson and wife vs. Dunlap's heirs et al. 7 Mon. 134)
A cross bill against the complainant only, comes up' by app. or writ of error to a decree on the original bill-.
Decree reversed, with costs, and the cause remanded with instructions to require the defendant in error to make a deed of general warranty for the one hundred and eighty four acres, with approved security, or to rescind the contract if he shall fail to make such a conveyance;